PETER NICHOLSON ET AL.

V.

ROBERT A. MITCHELL.

1. GARNISHMENT—REPLEVIN—CHATTEL MORTGAGE.—Where appellee, claiming certain property under a chattel mortgage, replevied it from a constable who had levied upon the same, and appellants, creditors of the mortgagor, garnished appellee, and appellee then proceeded to sell the property under and by virtue of the mortgage. *Held*, that appellee was not liable as garnishee to answer to appellants for the goods, because the goods he had replevied were in the custody of the law, and not subject to a second seizure until their final disposition and ownership was determined by the court from which the writ of replevin issued; that if the mortgage was good as to any part of the property, appellee was entitled to hold such portion, and such part (if any) that the mortgage would not hold, the law would require him to return to the constable.

2. INSTRUCTIONS.—Instructions should always be clear, accurate and concise statements of the law, as applicable to the facts of the case.

APPEAL from the Circuit Court of Greene county; the Hon. G. W. HERDMAN, Judge, presiding. Opinion filed August 20, 1885.

Messrs. WITHERS & HENSHAW, for appellants; that the garnishee should have stated facts to discharge him and the judgment of the court as to the sufficiency of his answer, was erroneous, cited McCoy v. Williams, 1 Gilm. 584; Crain v. Gould, 46 Ill. 293.

The property was not in the custody of the law and was

subject to garnishment: Bruner v. Dyball, 42 Ill. 34; Jacobi v. Schloss, 7 Coldw. 385.

A chattel mortgage which allows the mortgagor to sell the goods and appropriate the money, is void as to creditors: Dunning v. Mead, 90 Ill. 376; Greenebaum v. Wheeler, 90 Ill. 296.

Mr. James R. Ward, for appellee; that appellee, as the agent of the plaintiff in the replevin proceedings at the time of the service of the attachment writ upon him, had temporarily the legal custody of the property in controversy and was not amenable to garnishment process, cited Roberts v. Dunn, 71 Ill. 49; Rhines v. Phelps, 3 Gilm. 464; Hagan v. Lucas, 10 Peters, 403, Goodheart v. Bowen, 2 Bradwell, 580; Kimball v. Mulhern, 15 Ill. 208.

There is no priority between appellee and Schnell which is indispensable to maintain garnishment: I. C. R. R. Co. v. Weaver, 54 Ill. 322; May v. Baker, 15 Ill. 90; Webster v. Steele, 75 Ill. 546.

Conger, J.    On March 23, 1882, Finley & Schnell executed to A. K. Mitchell a chattel mortgage to secure $1,000 on certain fixtures, supplies and goods in a bakery and restaurant. In July, 1882, Finley went out of the partnership, leaving Schnell in possession, and about this time $500 was paid and credited upon the mortgage. On December 28, 1882, the town of Greenfield obtained judgment against Schnell, and on the next day an execution was issued on said judgment, and by Jacob Schermerhorn, town constable, levied upon the mortgaged property and some other property in the possession of Schnell.    At this time A. K. Mitchell, the mortgagee, was in Texas, and his son, Robert A. Mitchell, appellee in this case, was acting as his agent, and as such had possession of the mortgage.    Appellee, as such agent, and by virtue of his father's mortgage, demanded possession of the property from the constable, and upon his refusal to deliver it up, sued out a writ of replevin in the name of his father, and against the constable, by means of which on the 2d day of January,

Nicholson v. Mitchell.

1883, he obtained possession of the mortgaged property which he retained until he afterward sold it.

On the 10th of January, 1883, Peter Nicholson et al. (appellants herein) being creditors of Schnell, sued out an attachment against Schnell, and on January 11th appellee was served as a garnishee of Schnell. On January 13th appellee, as agent of his father, proceeded to sell the property taken from the constable, under and by virtue of the mortgage, and received for the fixtures $210, and for the remainder of the goods $300. Before the final disposition of the replevin suit appellee answered as such garnishee, denied having any effects in his hands belonging to Schnell, and was discharged by the court, and obtained judgment against appellants for costs.

The record is quite voluminous, embracing the papers and files of the other suits mentioned, and a number of points are discussed, but the gist of the case is confined within very narrow limits.

It is insisted by appellants that the chattel mortgage was fraudulent and void, at least so far as the stock of goods, and therefore appellee, having the goods in his hands at the time of the service of the writ of garnishment upon him, must respond for their value to the creditors of Schnell. In the view we take of the case, the validity or invalidity of the mortgage is not material to a proper decision of the merits of this controversy.

When appellee took possession of the goods from the constable by virtue of the writ of replevin, he was not liable as garnishee to answer to appellants therefor, first, because the goods he had so replevied were in the custody of the law and not subject to a second seizure until their final disposition and ownership was determined by the court from which the writ of replevin issued, and second, if the mortgage was good as to any part of the property, he was of course entitled to hold such portion for his father, and such part (if any) that the mortgage, for any reason, would not hold, the law would require him to return to the constable, or be liable on his replevin bond.

The fact that appellee, after service of the garnishee process

upon him, sold the goods, and converted them into money, does not change his relation to the parties, or his liability to account for the value of the property; he would still be liable to the constable for the value of all such property as he could not hold under the mortgage.

Appellee having taken the goods from the constable by legal process, he could not be made to answer to any one else either for the goods or their value, until his right to hold them had been judicially determined.

Some objections are made to the instructions given appellee. We think they are substantially correct, but the whole series are subject to criticism on account of their extreme length.

Nearly eight pages of solid printed matter is occupied with those given and refused, many of them so long and intricate that they tend to confuse rather than enlighten an ordinary jury. The language of Justice Scott, in Adams v. Smith, 58 Ill. 419, seems quite appropriate in this connection: " Instructions should always be clear, accurate and concise statements of the law as applicable to the facts of the case. It was never contemplated under the provisions of the Practice Act that the court should be required to give a vast number of instructions, amounting, in the aggregate, to a lengthy address. It is a mischievous practice, and ought to be discontinued. A few concise statements of the law applicable to the facts are all that can be required, and are all that can serve any practical purpose in the elucidation of the case."

Finding no substantial error in the record the judgment of the circuit court is affirmed.

Affirmed.